S. F. LATHROP, Appellant, v. JAMES HALEY *et al.*, Appellees.

**Water Right:** REMOVING ICE FROM: INJUNCTION. Where a mill-owner owns the water in a river flowing over the land of an adjoining owner, the removal of ice from the river at such point, under license from such adjoining owner, is not such an infringement of the mill-owner's rights as, in the absence of proof of substantial injury therefrom, will entitle him to an injunction.

*Appeal from Hardin District Court.*—HON. D. R. HINDMAN, Judge.

SATURDAY, JANUARY 24, 1891.

ACTION in equity to enjoin the defendants from cutting and removing ice from the Iowa river. There was a decree dissolving the temporary injunction and dismissing plaintiff's bill. The plaintiff appeals.

*Albrook & Hardin*, for appellant.

*W. J. Moir*, for appellees.

GIVEN, J.—The following facts are undisputed: On, and prior to, March 4, 1857, Charles Boyle was the owner of a certain mill lot and property on the Iowa river, in the town of Steamboat Rock, Hardin county, and lands above the mill lot extending across the river. On March 4, 1857, he conveyed the mill property and lands above owned by him, except twenty acres thereof. Following a description of the mill lot and land is a recital that they are conveyed, "together with the water-right of the Iowa river, from the south line of said mill lot to the north line of the southeast quarter of the northeast quarter of section 21, township 88, range 19, west, and all the appurtenances thereto belonging." Subsequently, and after said deed was recorded, Charles Boyle conveyed the twenty acres, of which J. C. McConchie became the owner, January 22, 1876, which twenty acres lay under and on both sides of the river. The flowage caused by the plaintiff's milldam extended back and over said twenty acres. In the month of January, 1888, McConchie granted to the defendants the right to cut and haul ice from off the river or mill-pond over his own land, in pursuance of which they had cut and removed about five tons within the limits of said twenty acres, when the temporary injunction granted herein was served upon them.

The questions presented are as to what rights the plaintiff acquired by his deed as to the ice formed in the river within the limits of McConchie's twenty acres, and whether the removal of ice as being done by the defendants was such a violation of that right as to entitle the plaintiff to an injunction. The plaintiff rests his claim to injunction solely upon his deed, and the fact that McConchie holds by subsequent conveyance from the same grantor. Numerous authorities are cited with respect to the rights of riparian owners that are inapplicable, because not controlled by conveyances from a common grantor. The appellant's contention is, that the plaintiff's rights in the water on or flowing over the twenty acres are the same, whether it be in

the liquid or congealed form; that, by the recital in the deed, "together with the water-right of the Iowa river," Boyle conveyed to him the right to have the water stand upon, and flow over, the twenty acres unobstructed and undiminished by the owner of the twenty acres; that, as McConchie took title under subsequent conveyance from Boyle, he took subject to that right of plaintiff; and that the removal of ice is a violation of his right, in that it lessens the quantity of water with which to operate his mill. Without now determining the true construction of the deed, but conceding it to be as claimed, we inquire whether the removal of ice, as being conducted by defendants, would materially lessen the flow of water to plaintiff's mill; for surely there is no ground for injunction unless there is a substantial injury to be prevented. The plaintiff and Mr. Baker testify that, as a rule, the mill was always short of water, but they do not, nor does any other witness, say that removing ice from the back-water would reduce the supply. It will be noticed that the ice was being taken from the mill-pond, the still water backed up by the dam. The flow from above would soon fill the space made vacant by the removal of the ice; but the argument is that that flow is thereby diverted from passing immediately to the mill. Technically speaking, this may be true, but our inquiry is whether the taking of the ice was a real and substantial injury to plaintiff. We think the testimony fails to so show, and that the decree of the district court should, therefore, be AFFIRMED.